UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 0:14-cv-62024-WJZ

DASHA WRIGHT
FERNANDO MARTINEZ
and others similarly situated,

Plaintiffs,
vs.

TRAVELLOOGA, LLC and
RICHARD FRANKEN

Defendants
_______________________________/

**DEFENDANTS' REPLY**
**IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT**

Defendants, by and through their undersigned counsel hereby files their Reply in Support of their Motion for Summary Judgment in this matter as follows:

1. In Dasha Wright's ("Wright"), Response in Opposition to Summary Judgment her counsel argues that she needs to be paid for time worked off the clock if the employer knew about it. Plaintiff cites to *the Baily v. Titlemax of Georgia, Inc.* case. However, this case is not applicable to this case in that Plaintiff did not work off the clock and non-reported hours. The undisputed testimony was that she reported her own hours. For the first two months, from approximately May 2012 to July 2012, she wrote them down on papers and submitted them to Defendants. *See*, Deposition of Dasha Wright taken on October 23, 2015 ("Dasha Deposition"). The plaintiff's employment files went mysteriously missing after their resignation of their employment. From May 2012 till January 2013, she texted her hours to Richard Franken ("Franken") from her cell phone jointly owed with Fernando Martinez and these hours accurately

reflected the times she worked. Dasha Deposition. *See*, also the Supplemental Affidavit of Richard Franken which attaches examples of many of the texts sent to him by Dasha Wright with her time records which coordinate with exactly what she was paid. Supplemental Affidavit of Richard Franken ("Supplemental Affidavit"). Even Dasha's own testimony does not support the claimed number of hours worked by her. Her testimony was that they averaged at the Defendants' office three "waves" a day of customers averaging about two hours per wave. If that is the case, she was only working an average of six hours per day for five days (a total of 30 hours a week). The "manifests" created by Dasha Wright as part of her job duties, also support that she did not work the number of hours claimed by her as each of these manifests show when customers came in for appointments (and in some cases when they left). The manifests are attached to the Supplemental Affidavit. It is clear, based upon all of the evidence that all of Wright's claims were fabricated based upon retaliatory motive. Dasha Wright quit her job with Defendants, sent a letter the day after threatening that Defendant's needed to pay her severance (notably she does not reference overtime in her letter or a failure to pay her for all hours worked) (Dasha Deposition), shortly after filed a workers compensation claim for an alleged ankle injury from walking down the street. Notably, she waited a month to file such claim and see a doctor. Dasha Deposition. Thereafter, her boyfriend Martinez and another worker proceeded to picket the work place of Defendants holding up signs not to trust Travelooga. See, Deposition of Ricardo Martinez taken on October 23, 2015 ("Martinez Deposition"). Summary Judgment should be entered in favor of Defendants as to Wrights claims for violation of the FLSA

and Florida Minimum Wage Act.

2. In addition, summary judgment must be entered in favor of Defendant as to Ricardo Martinez as he was an independent contractor not subject to the provisions of the FSLA and the Florida Minimum Wage Act. First and foremost, in his deposition Martinez, admitted that he was hired as an independent contractor and that ne never objected to being treated as such. Martinez Deposition. Why would Martinez care given that he has not filed federal income taxes in six years? Martinez Deposition. Martinez testified that the travel club he currently works for (Defendants were also a travel club) also treats him as an independent contractor and it is the norm in the industry for persons in his position to be treated as independent contractors. Martinez Deposition. In addition, as previously noted, Martinez admitted in Broward Circuit Court pleadings that he was in independent contractor and was not owed any overtime. For instance, the Answer filed in response to paragraph 18 of the Amended Complaint, Martinez alleges that Wright is owed overtime and that Martinez is owed only commission and reserves. Even if Martinez' admissions are not enough, the other factors for him being an independent contractor are present. Martinez had special skill, that's the reason why Defendants hired him from St. Thomas, flew him here and paid for his housing while he was here, because he had specialized skills in travel industry sales. See Martinez Deposition. In fact, Defendants also gave a job to Wright merely because she was the girlfriend of Martinez. See, Martinez Deposition. Martinez also testified that he was not forced to only work for Franken and could have worked for other companies also, but chose not to do so. Martinez Deposition. As can be seen

from the Supplemental Affidavit of Franken, Martinez had complete discretion in how to perform his job and was even able to choose whether he wanted to sell or be on the podium doing the presentations. Martinez can't take one position on one litigation and change his position in this litigation when it is convenient for him. Summary Judgment must be entered in favor of Defendants as to Martinez claims for violations of the FLSA and Florida Minimum Wage Act.

3. As to the claims of constructive discharge, as evidence by the case law cited in the Motion for Summary Judgment, the actions complained of by Plaintiffs leading to their resignation does not even come close to satisfying the requirements for a constructive discharge. Looking at the Depositions of Martinez and Wright, they merely testified to the fact that Franken and his new Sales Manager were not nice and were looking too closely at their work product. Against, this does not rise to the level of constructive discharge. Summary Judgment must be entered in favor of Defendants as to their claims for constructive discharge.

WHEREFORE, Defendants seek an Order granting summary judgment in this matter and for any other relief this Court deems just and proper under the circumstances.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that a true and correct copy of the foregoing was electronically filed with this Court on October 26, 2015 with the Clerk of the Court by using the ECF system which will send a notice of electronic filing to the following: Brody Shulman, Esq. and Jason S. Remer, Esq., Remer & Georges-Pierre, PLLC, 44 West Flagler Street, Suite 2200, Miami, FL 33130

Behren Law Firm
2893 Executive Park Drive, Suite 110
Weston, FL 33331
Phone: (954) 636-3802
Facsimile: (772) 252-3365
Scott@behrenlaw.com

By_/Scott M. Behren/_______
Scott M. Behren
Fla. Bar No. 987786