UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 14-62024-CIV-ZLOCH

DASHA WRIGHT and
FERNANDO MARTINEZ,

Plaintiffs,

vs.

TRAVELLOOGA, LLC, and
RICHARD FRANKEN,

Defendants.

**O R D E R**

THIS MATTER is before the Court upon Defendants Travellooga, LLC, and Richard Franken's Motion For Summary Judgment (DE 24). The Court has carefully reviewed said Motion, the entire court file and is otherwise fully advised in the premises.

Plaintiffs Dasha Wright and Fernando Martinez (hereinafter "Plaintiffs," collectively, or "Wright" and "Martinez," individually) initiated the above-styled cause with the filing of a Complaint (DE 2-1) in the Circuit Court of the Seventeenth Judicial Circuit in and for Broward County, and Defendants Travellooga, LLC, and Richard Franken (hereinafter "Defendants," collectively, or "Travellooga" and "Franken," individually) removed this case to this Court. See DE 1. In remaining Counts I, II, and V of the Complaint (DE 2-1), Plaintiffs allege that Defendants violated the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. (hereinafter "FLSA" or "the Act") by failing to pay them minimum wage and overtime compensation and further by constructively

discharging them in retaliation for their objections to Defendants' practices. Defendants now move for Summary Judgment (DE 24) arguing that, with respect to Wright, she was paid at the rate of $10 an hour for all hours she recorded or turned in to Defendants, which did not, in fact, include any overtime hours. Defendants argue that Martinez was an independent contractor not covered by the FLSA. Lastly, Defendants claim that they could not have retaliated against Plaintiffs because Plaintiffs engaged in no protected activity before both resigned.

I. Background

The Parties are in disagreement about nearly all of the material facts relevant to the claims in the above-styled cause. Defendants' Statement Of Material Facts In Support Of Motion For Summary Judgment (DE 25) does not include a single specific citation to the record. There are a few slipshod attempts at providing a citation. One of these reads, "See, Deposition of Dasha Wright." No page number is referenced. No line number is referenced. Apparently, Defendants believe it is the Court's responsibility at the summary judgment stage to locate support for all its factual assertions within the record. The Court fails to see how Defendants can maintain that such a statement of facts comports with the Local Rule, which reads, in pertinent part:

> (a) Statement of Material Facts. A motion for summary judgment and the opposition thereto shall be accompanied by a statement of material facts as to which it is contended

> that there does not exist a genuine issue to be tried or there does exist a genuine issue to be tried, respectively. The statement shall:
> . . .
> (2) Be supported by specific references to pleadings, depositions, answers to interrogatories, admissions, and affidavits on file with the Court . . .

S.D. Fla. L.R. 56.1(a)(2).

Nevertheless, Defendants' version of the story is that Franken was the managing member of Travellooga, which sold vacation club memberships, and around May 20, 2012, Wright was hired as a receptionist, and Martinez was hired as an independent contractor sales representative.[1] Wright reported her hours by text message and by time sheets and was then paid $10.00 an hour for all hours. Martinez was paid commission on his sales. The business was only open for thirty-five hours per week. Defendants claim that Wright's personnel file "disappeared" on the day she resigned. Martinez made only commission, and he worked the hours he chose, was not told how to sell to the public, and was free to work for other companies. On January 23, 2013, both Wright and Martinez resigned and wrote to Defendants seeking severance pay. They did not claim at that time that they were not paid what they were owed.

Plaintiffs' story differs materially.[2] Plaintiffs agree as to

---

[1] The following facts are taken from Defendants' Statement Of Undisputed Material Facts In Support Of Motion For Summary Judgment (DE 25).

[2] The following facts are taken from Plaintiffs' Statement Of Disputed Material Facts In Opposition To Defendants' Statement Of Material Facts In Support Of Defendants' Motion For Summary Judgment And Statement Of Undisputed

Franken's role in Travellooga, and they also agree about the date they were hired, the jobs they performed, and the date of their resignations. Yet, while Plaintiffs agree that Defendants paid Wright $10.00 per hour for her hours submitted by text message and through time sheets, they claim that she was not permitted by Franken to record all of her hours, and that she was entitled to overtime pay. Wright claims no knowledge of the disappearance of any time sheets or files. Martinez was an employee as well. He had no control over his hours and could not pursue other employment opportunities. Plaintiffs agree Martinez was paid commission and do not suggest that any other payment structure was in place for him. Martinez did not provide his own sales materials or hire others to assist him. He gave sales presentations using a script provided by Defendants. Plaintiffs claim they both initially worked from approximately fifty-two to fifty-three hours per week; then, later, starting in or around October 2012, they worked from approximately fifty-seven to fifty-eight hours per week. Plaintiffs state that they complained about Defendants' payment practices on multiple occasions and also that Wright threatened to contact the Department of Labor. Plaintiffs describe their resignation as being the result of a hostile work environment.

---

Facts (DE 29).

## II. Standard of Review

Under Federal Rule of Civil Procedure 56(a), summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." The party seeking summary judgment

> always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact.

Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986)(quotation omitted). "An issue of fact is 'material' if, under the applicable substantive law, it might affect the outcome of the case. An issue of fact is 'genuine' if the record taken as a whole could lead a rational trier of fact to find for the nonmoving party." Hickson Corp. v. N. Crossarm Co., Inc., 357 F.3d 1256, 1259-60 (11th Cir. 2004) (citing Allen v. Tyson Foods, 121 F.3d 642, 646 (11th Cir. 1997)) (further citations omitted). "Only when that burden has been met does the burden shift to the non-moving party to demonstrate that there is indeed a material issue of fact that precludes summary judgment." Clark v. Coats & Clark, Inc., 929 F.2d 604, 608 (11th Cir. 1991); Avirgan v. Hull, 932 F.2d 1572, 1577 (11th Cir. 1991). "If the movant succeeds in demonstrating the absence of a material fact, the burden shifts to the non-movant to show the existence of a genuine issue of fact." Burger King

Corp. v. E-Z Eating, 41 Corp., 572 F.3d 1306, 1313 (11th Cir. 2009) (citing Fitzpatrick v. City of Atlanta, 2 F.3d 1112, 1116 (11th Cir. 1993)).

The moving party is entitled to "judgment as a matter of law" when the non-moving party fails to make a sufficient showing of an essential element of the case to which the non-moving party has the burden of proof. Celotex Corp., 477 U.S. at 322; Everett v. Napper, 833 F.2d 1507, 1510 (11th Cir. 1987). All justifiable inferences are to be drawn in the light most favorable to the non-moving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 255 (1986).

## III. Analysis

The FLSA requires covered employers to pay their employees an hourly minimum wage and, for work in excess of forty hours in a work week, one and one-half of the regular rate of pay. 29 U.S.C. §§ 206(a)(1) & 207.

The facts summarized above indicate that the above-styled cause is plagued by missing records. The FLSA requires employers to keep and maintain records of their employees' wages and hours. 29 U.S.C. § 211(c). When the employer's time records are inadequate or inaccurate, the plaintiff shoulders a relaxed burden. In that circumstance, the employee must first "prove[] that he has in fact performed work for which he was improperly compensated. . . ." Anderson v. Mt. Clemens Pottery, Co., 328 U.S. 680, 687

(1946). Next, the employee must show the amount of work for which he was under-compensated. The Eleventh Circuit has found two ways in which the employee may carry this burden. See Ojeda-Sanchez v. Bland Farms, LLC, 499 F. App'x 897, 900 (11th Cir. 2012)(citing Mt. Clemens Pottery, 328 U.S. at 687). First, the employee may "provide the court with convincing substitutes for [the employer's] records, which show the correct amount of time they worked." Id. Or second, the employee may "produce[] sufficient evidence to show the amount and extent of [uncompensated] work as a matter of just and reasonable inference." Id. Then, "[t]he burden shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate." Mt. Clemens Pottery, 328 U.S. at 687. Additionally, the Court in Mt. Clemens Pottery, noting the remedial nature of the FLSA, found that the employee should not be required to suffer the difficulty of proof caused by the employer's failure to preserve its records. See Mt. Clemens Pottery, 328 U.S. at 687.

Here, along with the issue of missing files, the Parties dispute the accuracy of the hours recorded even if said files could be located. In Allen v. Bd. of Pub. Educ. for Bibb Cnty. the Eleventh Circuit considered a situation in which plaintiffs

disputed the accuracy of hours recorded because, in part, as Wright claims here, they claimed they were told not to record certain hours, or records were later changed by the employer. 495 F.3d 1306 (11th Cir. 2007). There, the court concluded, "Thus, it is clear that the Board was not entitled to summary judgment based on Plaintiffs' lack of documentation and inability to state with precision the number of uncompensated hours they worked and the days on which that work was performed." Id. at 1317-18. And, in Bailey v. TitleMax of Ga., Inc., the court held that, "If an employer knew or had reason to know that its employee underreported his hours, it cannot escape FLSA liability by asserting equitable defenses based on that underreporting." 776 F.3d 797, 891 (11th Cir. 2015). Here, Defendants have argued less that Wright is incapable of proving her hours or that they can claim an equitable defense, and have instead simply stated that she was paid for all hours recorded. In light of her response, Defendants assertions are insufficient to rebut Wright's questioning of the accuracy of her recorded hours.

Specifically, in accord with their recitation of the facts, as detailed above, Defendants claim they have already paid Wright $10.00 per hour for all hours submitted. Defendants maintain she worked no overtime for the reason that the business was not even open enough hours per week for an employee to ever work more than forty hours. Defendants have provided some records of text

messages Wright sent listing her hours and some other documentation of payments made to Wright, all of which were exhibits to her deposition. See DE 46. As previously noted, Defendants no longer have her personnel files, and the records submitted are not comprehensive.

Wright's contention is that no matter what records exist, these records are not accurate because Franken would not permit her to submit complete accounts of her time worked. If Wright's contentions as those of the non-moving party are taken as true, as they must be, at this summary judgment stage, an issue of material fact exists which precludes summary judgment on her claims against Defendants.

Defendants' argument for summary judgment as to Martinez's claims is no less fraught by factual disputes. Plaintiffs contend that Martinez is an employee, covered by the FLSA. But, Defendants argue that he is an independent contractor, and thus, not covered by the FLSA. The FLSA defines employee rather broadly as, "any individual employed by an employer." 29 U.S.C. § 203(e)(1). Employ is also a defined term, including, "to suffer or permit to work." Id. at § 203(g). In Rutherford Food Corp. v. McComb, the Supreme Court observed that, broad as the definition of 'employ' is, "We have decided that it is not so broad as to include those 'who, without any express or implied compensation agreement, might work for their own advantage on the premises of another.'" 331 U.S.

722, 729 (1947) (quoting Walling v. Portland Terminal Co., 330 U.S. 148, 152 (1947)). The court further noted that whether an employee is an independent contractor, and thus not employed under the FLSA, "does not depend on [] isolated factors but rather upon the circumstances of the whole activity." Id. at 730. The Eleventh Circuit follows the "economic reality test" used by many courts to decide whether an individual is an employee or an independent contractor. Many cases provide the list of factors. A recent version can be founds in Scantland v. Jeffry Knight, Inc. and includes the following:

> (1) the nature and degree of the alleged employer's control as to the manner in which the work is to be performed;
> (2) the alleged employee's opportunity for profit or loss depending upon his managerial skill;
> (3) the alleged employee's investment in equipment or materials required for his task, or his employment of workers;
> (4) whether the service rendered requires a special skill;
> (5) the degree of permanency and duration of the working relationship;
> (6) the extent to which the service rendered is an integral part of the alleged employer's business.

721 F.3d 1308, 1311-12 (11th Cir. 2013)(citing Rutherfood Food and Usery v. Pilgrim Equip. Co., Inc., 527 F.2d 1308 (5th Cir. 1976)[3] as the main sources for these factors).

The Court finds, after careful review of the entire court file

---

[3] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

herein, that there exist several material facts in dispute that preclude the entry of summary judgment on the issue of whether Martinez was an independent contractor. Material facts that remain in dispute include but are not limited to whether Martinez chose his hours, the degree of control Defendants exercised over his work, whether he was able to seek additional jobs during the time he was performing work for Defendants. The Court will note that the fact that he was paid commission or that his taxes were not deducted by Defendants do not end the inquiry. About many of the other aspects of his employment, the Parties make representations to the Court that are entirely opposed.

Accordingly, after due consideration, it is

**ORDERED AND ADJUDGED** that Defendants Travellooga, LLC, and Richard Franken's Motion For Summary Judgment (DE 24) be and the same is hereby **DENIED**.

**DONE AND ORDERED** in Chambers at Fort Lauderdale, Broward County, Florida, this 2nd day of September, 2016.

WILLIAM J. ZLOCH
United States District Judge

Copies furnished:

All Counsel of Record